George D. Ogden, J.
Action by plaintiff to recover from defendant the total charged to plaintiff’s account by defendant, based upon certain checks issued by plaintiff. Between May, 1955 and July, 1955 plaintiff’s employee signed, in blank, a number of checks, including the 10 in question. These signed blank checks were delivered to the- office manager of plaintiff, one Claus who, to the knowledge of plaintiff, had previously been indicted for robbery in the first degree, larceny in the first degree, and criminally receiving stolen property, and had pled guilty to robbery in the first degree. Claus filled out the checks with the names and amounts of persons legitimately on the payroll, and also one Davis, who had not been on plaintiff’s payroll for several months, or years. The various employees gave the checks to Claus, who took them to Central Trust Company and cashed them, including the checks made payable to Davis. Central Trust Company guaranteed the indorsements 'appearing on the checks; in the case of Davis, these indorsements were forged. Defendant, through the Clearing House, deducted the amount of the forged checks from plaintiff’s account and credited Central Trust Company with the same. To recover this amount the above-entitled action is brought.
The affidavits and pleadings of the parties hereto raise questions of fact, particularly — but not limited to — the knowledge that plaintiff had at the time it employed Claus of his past record; the negligence of plaintiff’s employee (Rendsland) in signing checks in blank and delivering them to plaintiff’s *787 employee Claus, whereby the fraud was made possible; the practice of Central Trust Company in cashing checks presented to it; the nature of the forged indorsements, that is, whether the indorsements were reasonable likenesses of Davis’ signature ; and, finally, the negligence, or freedom therefrom, of the defendant in reimbursing from the moneys deposited with it by plaintiff, the bank which cashed the checks bearing forged indorsements. (See Morgan v. United States Mtge. Trust Co., 208 N. Y. 218, 222, 223; Screenland Magazaine v. National City Bank of N. Y., 181 Misc. 454; Stella Flour & Feed Corp. v. National City Bank of N. Y., 285 App. Div. 182, motion for leave to appeal granted 285 App. Div. 871, affd. 308 N. Y. 1023.)
Gutfreund v. East Riv. Nat. Bank (251 N. Y. 58) is not opposed to the view taken by this court. At page 62 the court discusses the leading case of Young v. Grote ([1827] 4 Bing. 253), dealing with negligence of the bank and the drawer of a check, and at page 65 says: “ We reach the conclusion that the plaintiffs may have been negligent in drawing the checks but that their negligence was not the cause of the failure of duty on the part of the bank in paying the money to Hunold without proper identification of the payees and of their purported signatures. It follows also that their negligence in failing to discover the forgeries does not prevent a recovery from the negligent bank. (Critten v. Chemical Nat. Bank [171 N. Y. 219], supra.) The loss by the bank was induced by its trust in the unworthy Hunold rather than the negligence of its depositors.”
The order. appealed from is reversed, with $10 costs to appellant to abide the event.